IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILOS LEUBNER,

   Plaintiff,      No. 2:08cv0853 GEB JFM PS

  vs.

COUNTY OF SAN JOAQUIN, et al.,

   Defendants.     <u>ORDER</u>

_____/

   Plaintiff is proceeding in this action pro se. Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302(c)(21).

   Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

   The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff alleges defendants willfully, intentionally, and maliciously acted together to illegally remove plaintiff's two minor children from his custody, in violation of the Fourth, Sixth and Fourteenth Amendments.

The Sixth Amendment to the U.S. Constitution provides: "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defense." Because all of the actions pled in plaintiff's complaint were civil in nature, plaintiff cannot allege violation of the Sixth Amendment in this context. Accordingly, plaintiff's complaint will be dismissed and plaintiff

/////

will be granted leave to file an amended complaint that omits all claims in which he alleges defendants violated his Sixth Amendment rights.

>The Civil Rights Act under which this action was filed provides as follows:
>
>Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff names as defendants the County of San Joaquin, the San Joaquin County Office of Child Protective Services, and the San Joaquin Sheriff's Department. However, the complaint does not contain any charging allegations as to these defendants. A local government entity may be held liable under § 1983 if the entity itself causes the constitutional violation. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978); see also Bd. of the County Comm'rs v.

1  Brown, 520 U.S. 397, 403 (1997).  Thus, plaintiff cannot rely on theories of respondeat superior
2  or vicarious liability to recover against these defendants.  Brown, 520 U.S. at 403; Duvall v.
3  County of Kitsap, 260 F.3d 1124, 1141 (9th Cir.2001).  Rather, plaintiff's § 1983 claim survives
4  only where the alleged constitutional deprivation was inflicted in "execution of a government's
5  policy or custom."  Monell, 436 U.S. at 694.  Unless plaintiff can allege facts supporting such
6  constitutional deprivation, his claims against these defendants should be omitted from any
7  amended complaint.
8           Finally, it appears plaintiff's claims are more appropriately based on a violation of
9  the Fourteenth Amendment.  The Substantive Due Process Clause of the Fourteenth Amendment
10 protects the fundamental liberty interest of parents in the care, custody, and management of their
11 children.  Santosky v. Kramer, 455 U.S. 745, 753 (1982).  Indeed, "the constitutional right of
12 parents and children to live together without governmental interference is clearly established."
13 Mabe v. San Bernardino County, Dept. of Public Soc. Services, 237 F.3d 1101, 1107 (9th
14 Cir.2001); see also Ram v. Rubin, 118 F.3d 1306, 1311 (9th Cir.1997).  However, federal district
15 courts have no jurisdiction over divorce or child custody issues, which are exclusively matters of
16 state law.  See Ankenbrandt v. Richards, 504 U.S. 689 (1992).
17          In Wallis v. Spencer, 202 F.3d 1126, 1137 (9th Cir.2000) (as amended), the
18 Circuit addressed parents' and children's claims that the children in that case were unlawfully
19 seized and removed from their parents' custody.  Id.  The Court recognized that the "claims of the
20 parents in this regard should properly be assessed under the Fourteenth Amendment standard for
21 interference with the right to family association."  Id. at 1137 n.8.  Moreover, "[b]ecause only the
22 children were subjected to a seizure, their claims should properly be assessed under the Fourth
23 Amendment."  Id.  Because plaintiff is pressing his own claims, his complaint will be dismissed
24 with leave to amend so that he may plead only Fourteenth Amendment violations.
25          Plaintiff is cautioned that in order for there to be a violation of the Fourteenth
26 Amendment's due process provisions, there must be a violation of due process.

> [D]ue process of law does not require a hearing 'in every conceivable case of government impairment of private interest . . . . (t)he very nature of due process negates any concept of inflexible procedures universally applicable to every imaginable situation' and firmly established that 'what procedures due process may require under any given set of circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action.

Stanley v. Illinois, 405 U.S. 645, 650-651 (1972).  "The right [for parents and children to live together without governmental interference] is an essential liberty interest protected by the Fourteenth Amendment's guarantee that parents and children will not be separated by the state without due process of law except in an emergency."  Wallis, 202 F.3d at 1136.  Thus, the "Fourteenth Amendment's guarantee" is only that "that parents and children will not be separated by the state without due process of law except in an emergency;" in other words, there is no due process right for parents and children to live together without governmental interference under the Fourteenth Amendment's where there is an emergency.  As is applicable under Wallis, due process does not require a hearing, i.e., a warrant, where the officer "has reasonable cause to believe that the child is in imminent danger of serious bodily injury and that the scope of the intrusion is reasonably necessary to avert that specific injury."  Mabe, 237 F.3d at 1106.  Where the officer has reasonable cause for such a belief, there is simply no due process violation; it is not that a due process violation has taken place but the officer is shielded by qualified immunity;[1] under such circumstances, there is simply no constitutional violation.  Id.

Moreover, the "right to family integrity clearly does not include a constitutional right to be free from child abuse investigations."  Manzano v. South Dakota Dep't of Soc. Servs., 60 F.3d 505, 510 (8th Cir.1995) (internal quotation marks and citation omitted); see also

---

[1] Although social workers have absolute immunity when they make decisions to institute dependency proceedings "they are not entitled to absolute immunity from claims that they fabricated evidence during an investigation or made false statements in a dependency petition affidavit that they signed under penalty of perjury, because such actions aren't similar to discretionary decisions about whether to prosecute." Beltran v. Santa Clara County, 514 F.3d 906 (9th Cir. 2008).

Wilkinson ex rel. Wilkinson v. Russell, 182 F.3d 89, 104 (2d Cir.1999) ("An investigation passes constitutional muster provided simply that case workers have a 'reasonable basis' for their findings of abuse.").

       The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

       If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

       In accordance with the above, IT IS HEREBY ORDERED that:

       1.  Plaintiff's request to proceed in forma pauperis is granted;

       2.  Plaintiff's complaint is dismissed; and

1        3. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Federal Rules of Civil Procedure, the Local Rules of Practice, and the instant order; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

DATED: June 24, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

/001;leubner.lta