IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILOS LEUBNER,

     Plaintiff,                    No. 2:08-cv-0853 GEB JFM PS

     vs.

COUNTY OF SAN JOAQUIN, et al.,

     Defendants.               ORDER

_____/

        Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed an amended complaint pursuant to this court's June 25, 2008 order.

        The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

1

1  omits to perform an act which he is legally required to do that causes the deprivation of which
2  complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).
3           Moreover, supervisory personnel are generally not liable under § 1983 for the
4  actions of their employees under a theory of respondeat superior and, therefore, when a named
5  defendant holds a supervisorial position, the causal link between him and the claimed
6  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862
7  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.
8  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel
9  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th
10 Cir. 1982).
11          The instant complaint contains no charging allegations as to the County of San
12 Joaquin or the City of Manteca.  Thus, the court will not order service of process on these
13 defendants.
14          The complaint states a cognizable claim for relief as to the remaining defendants.
15 If the allegations of the complaint are proven, plaintiff has a reasonable opportunity to prevail on
16 the merits of this action.
17          In accordance with the above, IT IS HEREBY ORDERED that:
18          1. The Clerk of the Court shall send plaintiff ten (10) USM-285 forms, one
19 summons, an instruction sheet and a copy of the amended complaint filed October 3, 2008
20 (docket no. 9).
21          2. Within thirty days from the date of this order, plaintiff shall complete the
22 attached Notice of Submission of Documents and submit the completed Notice to the court with
23 the following documents:
24                  a. One completed summons;
25                  b. One completed USM-285 form for the following defendants:  San
26                  Joaquin Office of Child Protective Services, Kenneth Eggie, Christopher

1    Holden, Ernie Schmidt, Donna Dones, Victor Vincent, San Joaquin
2    County Sheriff's Department, Jeff Luck, Thomas Mazzerra, and the
3    Manteca Police Department; and

4    c. Eleven copies of the endorsed complaint filed October 3, 2008 (docket
5    no. 9).

6    3. Plaintiff need not attempt service on defendants and need not request waiver of
7 service.  Upon receipt of the above-described documents, the court will direct the United States
8 Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4
9 without prepayment of costs.

10    4. Failure to comply with this order may result in a recommendation that this
11 action be dismissed.

12 DATED:  November 5, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

001; leubner1

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILOS LEUBNER,

      Plaintiff,                  No. 2:08-cv-0853 GEB JFM PS

    vs.

COUNTY OF SAN JOAQUIN, et al.,     <u>NOTICE OF SUBMISSION</u>

      Defendants.             <u>OF DOCUMENTS</u>

_____/

      Plaintiff hereby submits the following documents in compliance with the court's order filed _____:

      ____ completed summons form

      ____ completed USM-285 forms

      ____ copies of the October 3, 2008 amended complaint

DATED:

                                 _____
                                 Plaintiff