IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MILOS LEUBNER,

     Plaintiff,                  No. 2:08-cv-0853 GEB JFM PS

    vs.

COUNTY OF SAN JOAQUIN, et al.,     <u>ORDER AND MODIFIED</u>

     Defendants.              <u>SCHEDULING ORDER</u>

_____/

        On November 21, 2011, a hearing was held on plaintiff's September 13, 2011 motion to extend time. Plaintiff appeared in pro per. Dana Suntag appeared for defendant Christopher Holden. Marjorie Manning appeared telephonically for defendant Thomas Mazzera. Donna Dones did not appear. Upon review of the motion, discussion with plaintiff and counsel, and good cause appearing therefore, THE COURT FINDS AS FOLLOWS:

        This matter commenced on April 22, 2008 and is proceeding on a third amended complaint filed July 23, 2009. On December 10, 2010, a scheduling order issued. Subsequently a dispute arose as to certain confidential juvenile records. The dispute was ultimately resolved on April 3, 2011. In the meantime, defendants Mazzera and Holden sought modification of the scheduling order. On May 18, 2011, the modification request was granted, the discovery deadline was extended to November 15, 2011 and the trial date was continued to July 23, 2012.

1

On September 13, 2011, plaintiff filed the instant motion. Plaintiff first seeks an extension of the discovery deadlines set forth in the May 18, 2011 scheduling order because the depositions of his daughters had not yet been taken. At the hearing, all appearing parties stipulated to an extension. Accordingly, this request will be granted.

Plaintiff also seeks a court-appointed individual to assist him with taking depositions, pursuant to "Rule 28(a)(B) of FRCP." The Federal Rule to which plaintiff cites for assistance with his depositions does not exist. If plaintiff intended to refer to Federal Rule of Civil Procedure 28(a)(1)(B), that provision provides only that "a deposition must be taken before . . . (B) a person appointed by the court where the action is pending to administer oaths and take testimony." This Rule does not entitle plaintiff to a court-appointed reporter even though he is unable to afford one himself. Thus, this request will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 13, 2011 motion to modify the scheduling order is partially granted.

2. All dates set forth in this court's May 18, 2011 scheduling order, including but not limited to the trial date, are hereby vacated.

3. All non-expert discovery shall be completed, and all motions pertaining to discovery shall be noticed to be heard, by January 26, 2012.

4. The parties shall exchange lists of expert witnesses no later than February 23, 2012. The parties are reminded of their obligation to supplement these disclosures when required under Fed. R. Civ. P. 26(e)(1).

5. Expert discovery shall be completed by March 23, 2012.

6. Non-dispositive law and motion matters shall be filed by April 10, 2012.

7. Dispositive motions shall be noticed to be heard by May 3, 2012.

/////

/////

8. The pretrial conference is set for July 30, 2012 at 2:30 p.m. in courtroom 10 before the Honorable Garland E. Burrell.  Pretrial statements shall be filed pursuant to Local Rule 281.

9. A jury trial of this matter is set for October 9, 2012 at 9:00 a.m. in courtroom 10 before the Honorable Garland E. Burrell.  The parties shall file trial briefs pursuant to Local Rule 285.

10. Plaintiff's request for a court-appointed reporter is denied.

DATED: November 22, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

/014;leub0853.jo.eot.disc