1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                   FOR THE EASTERN DISTRICT OF CALIFORNIA

8   MILOS LEUBNER,

9            Plaintiff,                    No. 2:08-cv-0853 GEB JFM (PS)

10           vs.

11  COUNTY OF SAN JOAQUIN, et al.,         ORDER AND

12           Defendants.                   FINDINGS & RECOMMENDATIONS

13  _____/

14           Pending before this court are plaintiff's January 23, 2012 request for extension of

15  time and request for order to complete Cleariana Leubner's deposition; and his January 30, 2012

16  motion for default judgment, motion to deem admitted certain Requests for Admissions and a

17  motion to compel the deposition of Cleariana Leubner.  The court has determined that the matter

18  shall be submitted upon the record and briefs on file and accordingly, the date for hearing of this

19  matter shall be vacated.  Local Rule 230.

20                     RELEVANT PROCEDURAL BACKGROUND

21           This action commenced on April 22, 2008 and is proceeding on a third amended

22  complaint filed July 23, 2009.  The scheduling order, already modified three times (see Doc.

23  Nos. 124, 152, 161, 163), sets forth the following discovery dates: (1) all non-expert discovery

24  shall be completed, and all motions pertaining to discovery shall be noticed to be heard, by

25  January 26, 2012; (2) the parties are to exchange lists of expert witnesses is set at February 23,

26  2012; and (3) expert discovery shall be completed on or before March 23, 2012.

DISCUSSION

1.   Motion for Default Judgment

Plaintiff first seeks default judgment as to defendant Kenneth Egi.

Federal Rules of Civil Procedure 55 governs the entry of default by the clerk and the subsequent entry of default judgment by either the clerk or the district court.  In pertinent part, Rule 55 provides:

> (a) Entering a Default. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.
>
> (b) Entering a Default Judgment.
>
> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment ....

The Ninth Circuit Court of Appeals has stated that Rule 55 requires a "two-step process," consisting of: (1) seeking the clerk's entry of default, and (2) filing a motion for entry of default judgment.  Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir .1986) ("Eitel apparently fails to understand the two-step process required by Rule 55."); Symantec Corp. v. Global Impact, Inc., 559 F.3d 922, 923 (9th Cir. 2009) (noting "the two-step process of 'Entering a Default' and 'Entering a Default Judgment' ").

In light of the requirement to obtain entry of default before seeking default judgment, courts deny motions for default judgment where default has not been previously entered.  See, e.g., Marty v. Green, No. 2:10-cv-1823-KJM-KJN, 2011 WL 320303, at *3 (E.D. Cal. Jan. 28, 2011) ("Plaintiff's motion for default judgment is denied because plaintiff did not follow the procedural steps required to properly file a motion for default judgment.  Specifically, plaintiff failed to seek a clerk's entry of default from the Clerk of Court prior to filing his motion

for default judgment."); <u>Norman v. Small</u>, No. 09-cv-2233-WQH-NLS, 2010 WL 5173683, at *2

(S.D. Cal. Dec. 14, 2010) (denying plaintiff's motion for default judgment because "the clerk has

not entered default"); <u>Bach v. Mason</u>, 1901 F.R.D. 567, 574 (D. Idaho 1999) ("Plaintiffs have

improperly asked this court to enter a default judgment without first obtaining an entry of default

by the clerk.  Since plaintiffs' motion for entry of default judgment is improper, it is denied.").

        In this case, default has not been entered against Kenneth Egi.  Without first

obtaining an entry of default against the defendants, plaintiff's motion for default judgment is

improperly before this court. <u>See Bach</u>, 190 F.R.D. at 574.  Thus, this request should be denied.

2.      <u>Discovery Motions</u>

        Also before the court are plaintiff's various discovery motions, including his

request for extension of time for non-expert discovery, request for extension of time to complete

Cleariana Leubner's deposition, motion to compel Cleariana Leubner's deposition and, finally,

his motion to deem admitted Requests for Admissions served on defendant Donna Dones.

Defendants oppose these motions as both procedurally defective and meritless.

        Upon consideration of the dates set forth in the scheduling order, the Local Rules

and the nearly four year history of this case, the court will deny plaintiff's discovery requests as

procedurally defective.  In the scheduling order, the parties were explicitly ordered to notice any

discovery motions for hearing on or before the non-expert discovery deadline of January 26,

2012.  Pursuant to Local Rule 251(a), a discovery motion shall be filed and noticed at least

twenty-one days prior to a hearing date.  In this case, then, the last day to notice a discovery

motion so that it can be heard prior to the non-expert discovery deadline would have been

January 5, 2012.  Plaintiff's motions, however, are dated January 23, 2012 and January 30, 2012.

Both of these motions are defective.  Not only is the January 30, 2012 motion clearly filed

beyond the discovery deadline, but the earliest date on which the January 23, 2012 motion could

be heard per Local Rule 251(a) is February 17, 2012, also well beyond the non-expert discovery

deadline.  Because plaintiff does not supply a satisfactory explanation for his delay in filing his

1  motions and further does not provide good cause to modify the scheduling order for a fourth

2  time, all discovery motions shall be denied.

3          Accordingly, IT IS HEREBY ORDERED that:

4          1.  The February 23, 2012 hearing on plaintiff's motions is vacated;

5          2.  Plaintiff's request for extension of time to complete Cleariana Leubner's

6  deposition is denied;

7          3.  Plaintiff's motion to compel deposition of Cleariana Leubner is denied;

8          4.  Plaintiff's request to extend the non-expect discovery deadline is denied;

9          5.  Plaintiff's motion to deem admitted Requests for Admissions served on Donna

10 Dones is denied; and

11         IT IS HEREBY RECOMMENDED that plaintiff's motion for default judgment

12 be denied.

13         These findings and recommendations are submitted to the United States District

14 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

15 days after being served with these findings and recommendations, any party may file written

16 objections with the court and serve a copy on all parties.  Such a document should be captioned

17 "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised

18 that failure to file objections within the specified time may waive the right to appeal the District

19 Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

20 DATED: February 16, 2012.

21

22

23                              UNITED STATES MAGISTRATE JUDGE

24 /014;leub0853.jo(4)

25

26

                                    4